IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RASHEED CARRASQUILLO,                )
on behalf of himself and all         )
others similarly situated,           )
                                     )
            Plaintiff,               )
                                     )
     v.                              )      1:24-cv-1008
                                     )
SECURITAS SECURITY SERVICES          )
USA, INC.,                           )
                                     )
            Defendant.               )

**ORDER**

This matter comes before the court upon a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. (Doc. 33.) The Parties move the court for approval of the Parties' proposed settlement of this action, the terms of which are set forth in the Settlement and Release Agreement ("Settlement Agreement"). (See Exh. A (Doc. 33-1).) Under 29 U.S.C. § 216(b), a proposed settlement between an employer and employee must be reviewed by the district court for a determination that the settlement is fair and reasonable. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

"To approve an FLSA settlement, the court must determine whether it is a fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised

pursuant to the FLSA." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018) (emphasis in original) (citations omitted). To determine whether a settlement is fair and reasonable,

> district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e). See Hoffman v. First Student, Inc., No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010). For example, some courts have cited the following factors for consideration:
>
>> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.
>
> Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *2 (E.D. Va. 2013) (citing Lomascolo, 2009 WL 3094955, at *10). "There is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." Lomascolo, 2009 WL 3094955, at *10 (quoting Camp v. Progressive Corp., Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)).

Kirkpatrick, 352 F. Supp. at 502-03.

The FLSA claims in this case represent a bona fide dispute. Plaintiff is represented by counsel and the complaint contains facts and claims that are obviously carefully researched and

- 2 -

clearly detailed. (See generally Doc. 1; see also Doc. 34 at 3.) Although no answer has been filed, Defendant has pursued defenses, including a motion to compel arbitration, (see Doc. 18), and has appropriately and aggressively defended this action, including denying liability, (see Doc. 34 at 4-5). The motion to compel arbitration is significant, as it suggests Plaintiff may not receive a trial in this court. Although no discovery has been conducted, the parties have engaged in a voluntary exchange of documents and information about these claims. (See, e.g., Doc. 24-3.)

The settlement is also fair and reasonable. There is no evidence of fraud and collusion. Although no discovery has taken place, there has been a voluntary exchange of information. (See id.; see also Doc. 34 at 8-9.) The pleadings make it obvious counsel for both parties have significant experience.

The likelihood of success on the merits and the amount of settlement in relation to the potential recovery support approval of the settlement. The parties jointly acknowledge the complexity, expense, and duration of the litigation. (See Doc. 34 at 9-10.)

In approving the settlement agreement, the court is required to assure "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

- 3 -

employee recovers under a settlement agreement." <u>Silva v. Miller</u>, 307 F. App'x 349, 351 (11th Cir. 2009).

> [T]o the extent that the plaintiffs' claims in an FLSA case are compromised by a proposed settlement, the reasonableness of the fee award must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement."

<u>Leigh v. Bottling Grp., LLC</u>, No. DKC 10-0218, 2012 WL 460468 at *5 (D. Md. 2012) (citation omitted). After review of Plaintiff's filing in response to the text order, (Doc. 35), this court finds the attorney's fees are reasonable and under both a lodestar or other calculation.

Having considered the motion, with the agreement reached by the Parties, and for good cause shown this court finds the motion should be granted.

**IT IS THEREFORE ORDERED** that the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, (Doc. 33), is **GRANTED** and shall take effect.

**IT IS FURTHER ORDERED** as follows:

1. That all the terms of the Agreement are approved as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1355;

2. That all the claims of the Plaintiff are **DISMISSED WITH PREJUDICE**;

- 4 -

3. That pursuant to the terms of the Agreement, Defendant shall fund the settlement in a manner consistent with the Agreement; and

4. That this court shall retain jurisdiction to enforce the terms of the settlement pursuant to <u>Kokkonen v. Guardian Life Ins. Co., of America</u>, 511 U.S. 375 (1994).

A Judgment dismissing this action will be filed contemporaneously herewith.

This the 28th day of April, 2025.

                                                    _/s/ William L. Osteen, Jr._
                                                    United States District Judge